# UNITED STATES DISTRICT COURT

| WESTERN | District of | NORTH CAROLINA |
|---|---|---|

UNITED STATES OF AMERICA

**V.**

PHILLIP EZZELL DENTON .

*Defendant*

## ORDER OF DETENTION PENDING TRIAL

Case          2:07 cr 39-1

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a   ☐ federal offense   ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed -    that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the   ☐ date of conviction   ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community.  I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- X (1) There is probable cause to believe that the defendant has committed an offense
  - X for which a maximum term of imprisonment of ten years or more is prescribed in   21 U.S.C. § 841(a)(1), 18 U.S.C. § 922(g)(1)   .
  - ☐ under 18 U.S.C. § 924(c).
- X (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- (1) There is a serious risk that the defendant will not appear.
- X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   X clear and convincing evidence      a preponderance of the evidence  that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| Date | |
|---|---|
| | *Signature of Judge* |
| | Dennis L. Howell, United States Magistrate Judge |
| | *Name and Title of Judge* |

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**BRYSON CITY DIVISION**
**2:07cr39-1**

**UNITED STATES OF AMERICA,**

**Vs.**                                                                    **ADDENDUM TO**
                                                                           **DETENTION ORDER**

**PHILLIP EZZELL DENTON.**

_____

## I.  FACTORS CONSIDERED

**18 U.S.C. § 3142:**

**(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

**(1)** The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

**(2)** the weight of the evidence against the person;

**(3)** the history and characteristics of the person, including--

    **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

II. **FINDINGS**

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve a controlled substance.

**(g)(2):** The weight of the evidence against the person appears to be unknown. No evidence has been presented as to this issue. The defendant is entitled to presumption of innocence.

**(g)(3):** The history and characteristics of the person

(A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant has a six year length of residence in the Graham County community. The defendant has had previous employment and Salisbury and Gastonia, NC, but at the present time is unemployed. In regard to the defendant's history relating to drug or alcohol abuse, the defendant has the following convictions:

| Offense | Conviction Date |
|---|---|
| ABC violation | 04/10/76 |
| Operating a vehicle while intoxicated | 05/03/77 |
| Possession with intent to sell and deliver a controlled substance | 08/11/78 |
| Driving while impaired | 08/26/88 |
| Simple possession of a schedule 1 controlled substance, that being LSD | 03/25/88 |
| Driving while impaired | 04/03/97 |
| Conspiracy to possess with intent to distribute cocaine and marijuana | 08/26/98 |

In addition to the above referenced offenses, the defendant has the following additional criminal convictions:

| Offense | Conviction Date |
|---|---|
| Assault on an officer | 11/18/76 |
| Carrying a concealed weapon | 09/19/77 |
| Driving while license revoked | 08/01/78 |
| Armed robbery | 04/03/79 |
| Disorderly conduct | 03/26/87 |
| Disorderly conduct | 03/28/97 |

The defendant's record concerning appearance at court appearances shows that the defendant appears in court as he is scheduled.

(B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. It appears that

this factor does exist. During the period of time alleged in the bill of indictment, the defendant had been released on terms and conditions of bond for charges of felony trafficking methamphetamine, conspiracy to traffic in methamphetamine, felony possession with intent to manufacture, sell and deliver methamphetamine and three counts of violation of a domestic protection order which had allegedly occurred on June 11, 2007, August 4, 2007 and September 13, 2007. As a result, this factor does exist.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate that the release of the defendant would create a danger to any other person or the community. The defendant has multiple convictions for felony charges involving controlled substances and has multiple charges involving either carrying a concealed weapon, assault on an officer or disorderly conduct. The defendant has not rebutted the presumption that his release would create a danger to any other person or the community. There has been shown by clear and convincing evidence that the release of the defendant would create a danger to any other person or the community and therefore the undersigned has determined to enter an order detaining the defendant.

The undersigned does not find by a preponderance of the evidence that the release of the defendant would create a risk of flight on his part and further finds that the presumption has been rebutted as to that factor. The defendant has never failed to appear in any type of court proceeding.

**WHEREFORE**, it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

Signed: November 8, 2007

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge